UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NESS HEALTHCARE NFP,** | **CIVIL ACTION** |
| Plaintiff | |
| **VERSUS** | **NO. 23-3021** |
| **STARR SURPLUS LINES INSURANCE COMPANY,** | **SECTION: "E" (4)** |
| Defendant | |

## ORDER AND REASONS

Before the Court is Defendant Starr Surplus Lines Insurance Company's ("Starr") motion to transfer venue.[1] Starr seeks to transfer this case to the United States District Court for the Southern District of New York ("SDNY") pursuant to a forum selection clause in the insurance contract between Starr and Plaintiff Ness Healthcare NFP d/b/a/ Northlake Behavioral Health System ("Northlake"). Plaintiff did not file an opposition. For the following reasons, this Motion is **GRANTED**.

## BACKGROUND[2]

This case arises out of an insurance coverage dispute. Plaintiff owns a property and the contents therein located at 23515 U.S. Highway 190, Mandeville, Louisiana 70448 (the "Property"). The Property was insured by Defendant under policy number SLSTPTY11382320, effective from November 10, 2020 to November 10, 2021 (the "Policy"). The Property was damaged by Hurricane Ida when it made landfall on or about August 29, 2021. Plaintiff reported a claim to Defendant. Defendant provided an estimate, which Plaintiff alleges grossly underreported damage to the Property.

---

[1] R. Doc. 15.
[2] The factual background was taken from the instant motion (R. Doc. 15), as well as the Complaint filed by Plaintiff (R. Doc. 1).

1

Plaintiff filed its Complaint in this Court on August 2, 2023.[3] On October 5, 2023, Starr filed the instant Motion to Transfer Venue.[4]

Defendant seeks a transfer of this case to the SDNY, pursuant to 18 U.S.C. § 1404(a), in light of the forum selection clause in the Policy, which reads, in relevant part:

> Any suit, action, or proceeding against the COMPANY must be brought solely and exclusively in a New York state court or a federal district court sitting within the State of New York. The laws of the State of New York shall solely and exclusively be used and applied in any such suit, action, or proceeding, without regard to choice of law or conflict of law principles.[5]

## **LEGAL STANDARD**

In *Atlantic Marine Cons. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, the Supreme Court held that a motion under 28 U.S.C. § 1404(a) is the appropriate mechanism to enforce a valid forum selection clause and transfer a civil action to another federal district court "where it might have been brought" or "to any other district to which the parties have agreed by contract or stipulation."[6]

Generally, a court weighing transfer under §1404(a) considers a variety of private- and public-interest factors and gives deference to the plaintiff's choice of forum.[7] However, the decision in *Atlantic Marine* made clear that the presence of a forum selection clause alters the analysis.[8] In light of *Atlantic Marine*, a court "may consider arguments about public-interest factors only."[9] A valid forum selection clause will warrant transfer or dismissal "absent unusual circumstances."[10]

---

[3] R. Doc. 1.
[4] R. Doc. 15.
[5] R. Doc. 15-1 at 2.
[6] 571 U.S. 49, 51 (2013).
[7] Barnett v. DynCorp Int'l, L.L.C., 831 F.3d 296, 300 (5th Cir. 2016).
[8] *Id.* (citing *Atl. Marine*, 571 U.S. 49 (2013)).
[9] *Id.* (citing *Atl. Marine*, 571 U.S. 49 at 64).
[10] *Barnett*, 831 F.3d at 302.

2

As a threshold matter, courts must determine whether the forum selection clause at issue is mandatory and enforceable. "A mandatory [forum selection clause] affirmatively requires that litigation arising from the contract be carried out in a given forum."[11] A clause is mandatory "only if it contains clear language specifying that litigation *must* occur in the specified forum."[12] "For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive."[13]

"Under federal law, forum selection clauses are presumed enforceable, and the party resisting enforcement bears a 'heavy burden of proof.'"[14] This is a strong presumption that can only be overcome by a clear showing that the clause is unreasonable.[15] Unreasonableness may exist where:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.[16]

If a forum selection clause is found to be both mandatory and enforceable, a court may consider the public-interest factors in determining whether to enforce the clause.[17] The Fifth Circuit has found that these factors include:

> [A]dministrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action;

---

[11] Weber v. PACT XPP Techs., AG, 811 F.3d 758, 768 (5th Cir. 2016).
[12] *Id*. (emphasis in original).
[13] City of New Orleans v. Mun. Admin. Serv., Inc., 376 F.3d 501, 504 (5th Cir. 2004).
[14] Ginter ex rel. Ballard v. Belcher, Prendergast & LaPorte, 536 F.3d 439, 441 (5th Cir. 2008) (quoting Haynsworth v. The Corp., 121 F.3d 956, 963 (5th Cir.1997).
[15] *Haynsworth*, 121 F.3d at 963.
[16] *Id*. (citing Carnival Cruise Lines Inc. v. Shute, 499 U.S. 585, 595 (1991); M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12–13, 15, 18 (1972)).
[17] *Atl. Marine*, 571 U.S. at 64.

the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.[18]

"These factors justify a refusal to enforce a forum-selection clause only in "truly exceptional cases."[19]

## LAW AND ANALYSIS

Defendant argues the forum selection clause in the Policy is mandatory and enforceable, and therefore asks the Court to transfer Plaintiff's claim to the SDNY.[20] The Court agrees and grants transfer for the reasons that follow.

**I.   The forum selection clause is mandatory.**

A clause is mandatory "only if it contains clear language specifying that litigation *must* occur in the specified forum."[21] In this case, the forum selection clause states that "[a]ny suit, action, or proceeding against the COMPANY must be brought *solely* and *exclusively* in a New York state court or a federal district court sitting within the State of New York."[22] Because the clause contains the language "solely and exclusively," indicating litigation *must* occur in New York, the Court finds the forum selection clause is mandatory.

**II.  The forum selection clause is enforceable.**

As discussed above, Plaintiff must overcome a strong presumption of enforceability by showing the forum selection clause is unreasonable because:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness

---

[18] *Barnett*, 831 F.3d at 302 (quoting *Weber*, 811 F.3d at 776).
[19] *Id.* (quoting *Weber*, 811 F.3d at 776).
[20] R. Doc. 9-1 at 6.
[21] *Id.* (emphasis in original).
[22] R. Doc. 9-1 at 6-7 (emphasis added).

4

of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.[23]

Plaintiff has not advanced any arguments for unreasonableness in this case. Nonetheless, the Court will briefly address a common argument to support its enforcement of the forum selection clause.

### A. The forum selection clause does not violate Louisiana public policy.

La. R.S. § 22:868 provides that no insurance contract issued in Louisiana may contain a provision "depriving the courts of this state of the jurisdiction or venue of action against the insurer."[24] However, § 22:868 is not applicable to this matter because Defendant is a surplus lines insurer.[25] La. R.S. 22:868(D) states "[t]he provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance."[26] Surplus lines policies are not subject to approval by the Department of Insurance.[27] In this case, the Starr policy at issue is a surplus lines policy.[28]

The Fifth Circuit and several other courts in this district have held that forum selection clauses are enforceable in surplus lines policies in Louisiana.[29] Last year, the Fifth Circuit ordered a district court to vacate its order denying transfer pursuant to a

---

[23] *Id.* (citing *Carnival Cruise Lines*, 499 U.S. at 595, 111 S.Ct. at 1528; *The Bremen*, 407 U.S. at 12–13, 15, 18, 92 S.Ct. at 1914–15, 1916, 1917).
[24] LA. REV. STAT. § 22:868(A)(2).
[25] R. Doc. 15-1 at 8.
[26] LA. REV. STAT. § 22:868(D)
[27] Hotel Mgmt. of New Orleans, LLC v. Gen. Star Indem. Co., 603 F. Supp.3d 356 (E.D. La. 2022), aff'd sub nom. Hotel Mgmt. of New Orleans, L.L.C. v. Gen. Star Indem. Co., No. 22-30354, 2023 WL 3270904 (5th Cir. May 5, 2023); Richard's Clearview LLC v. Starr Surplus Lines Ins. Co., No. 22-2326 (E.D. La. Nov. 4, 2022).
[28] Defendant's name is "Starr *Surplus Lines* Insurance Company" (emphasis added); R. Doc. 15-1 at 8; *see also, Approved Unauthorized Insurer List – Surplus Lines,* LOUISIANA DEP'T OF INS. (Oct. 2, 2023), https://www.ldi.la.gov/onlineservices/WhiteList/.
[29] *See, e.g., In re* Mt. Hawley Ins. Co., 2022 WL 5360188 (5th Cir. Apr. 28, 2022); Hotel Mgmt. of New Orleans, LLC v. Gen. Star Indem. Co., 603 F. Supp.3d 356 (E.D. La. 2022); Richard's Clearview LLC v. Starr Surplus Lines Ins. Co., No. 22-2326 (E.D. La. Nov. 4, 2022).

forum selection clause in a surplus lines policy.[30]

In a case nearly identical to the instant matter, *Richard's Clearview LLC v. Starr Surplus Lines Ins. Co.*, another section of this Court found the forum selection clause in a Starr policy was enforceable in Louisiana.[31] There, the Court reasoned that since the Starr policy at issue was a surplus lines policy, "the prohibition on forum selection clauses in § 22:868(A) is inapplicable."[32] Moreover, this Court recently held the forum selection clause in another Starr policy was enforceable and granted transfer to the SDNY.[33]

In light of these cases, and a plain reading of § 22:868(D), the Court finds the forum selection clause included in the Policy does not violate Louisiana public policy and is therefore not unenforceable on these grounds.

### III. The public interest factors do not defeat transfer.

Since the forum selection clause is both mandatory and enforceable, the Court should consider the public-interest factors in determining whether to transfer.[34] The Fifth Circuit has found that these factors include:

> [1] [A]dministrative difficulties flowing from court congestion; [2] the local interest in having localized controversies decided at home; [3] the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; [4] the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and [5] the unfairness of burdening citizens in an unrelated forum with jury duty.[35]

"These factors justify a refusal to enforce a forum-selection clause only in 'truly exceptional cases.'"[36]

---

[30] 2022 WL 5360188 at *1 (5th Cir. Apr. 28, 2022).
[31] No. 22-2326, R. Doc. 42 at 6-8 (E.D. La. Nov. 4, 2022).
[32] *Id.* at 8.
[33] Bulldog, Inc. v. Starr Surplus Lines Ins. Co., No. 23-3152, R. Doc. 22, (E.D. La. Oct. 10, 2023).
[34] *Atl. Marine*, 571 U.S. at 64.
[35] *Barnett*, 831 F.3d at 302 (quoting *Weber*, 811 F.3d at 776).
[36] *Id.* (quoting *Weber*, 811 F.3d at 776).

6

As to the first factor, Defendant argues the caseload of the SDNY relative to the Eastern District of Louisiana weighs in favor of transfer.[37] Defendant cites out-of-context and out-of-date statistics regarding caseloads in this district that do not reflect the anticipated time to trial in this case.[38] Accordingly, the Court finds this factor is neutral.

Plaintiff argues since the Property is in the Eastern District of Louisiana and the events giving rise to the claims occurred in this District, venue is proper in the Eastern District of Louisiana.[39] However, several courts in this district have found such local interests do not amount to exceptional circumstances which would outweigh transfer.[40] As such, the Court finds the contract interpretation question at issue in this case does not constitute a localized controversy that would outweigh transfer, regardless of the location of the property.

As to the third factor, the Policy contains a choice of law provision selecting, exclusively, "[t]he laws of the State of New York . . . without regard to choice of law or conflict of law principles."[41] Thus, the third factor weighs in favor of transfer.

As to the fifth factor, other courts in this district have found the burden of jury duty on local citizens is neutral "when Plaintiff is a Louisiana resident but Defendant is headquartered in New York."[42]

---

[37] R. Doc. 15-1 at 9.
[38] R. Doc. 9-1 at 10.
[39] R. Doc. 1 at 2.
[40] *Richard's Clearview*, No. 22-2326, R. Doc. 42 at 9 ("While the damaged property may be within this district, this controversy is ultimately an issue of contract interpretation, which does not present the Court with an exceptional circumstance to outweigh a valid and enforceable forum selection clause."); William B. Coleman Co., Inc. v. Mt. Hawley Ins. Co., No. 22-1686, 2022 WL 2806438 (E.D. La. July 18, 2022) (stating that there were no public interest factors which weighed against transfer in a case regarding an insurance dispute that arose out of Hurricane Ida); *Hotel Management*, 603 F.Supp.3d at 363 (stating that the second favor weighs in favor of dismissal since the "state legislature carved out an applicable exception to [§ 22:868(A)] in § 22:868(D)").
[41] R. Doc. 15-1 at 2.
[42] *Id.* at 10 (citing *CajunLand Pizza*, 2020 WL 1157613, at *13 (stating that when the plaintiff's franchises were in Louisiana and the defendant's headquarters were in the transferee district, the factor was neutral).

7

In weighing the public interest factors, the Court finds Plaintiff has not carried the heavy burden of showing "truly exceptional" circumstances that would defeat enforcement of a forum selection clause.[43]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant Starr's motion for transfer is **GRANTED.** This matter is hereby **TRANSFERRED** to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404(a).

**New Orleans, Louisiana, this 23rd day of October, 2023.**

*[signature: Susie Morgan]*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[43] *Barnett*, 831 F.3d at 302 (quoting *Weber*, 811 F.3d at 776).